AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case: 1:18-sw-00289<br>Assigned To : Magistrate Judge Deborah A. Robinson<br>Assign. Date : 10/15/2018<br>Description: Search and Seizure Warrant |
| THE PREMISES LOCATED AT<br>3415 BROWN ST., NW #A<br>WASHINGTON, DC 20010 | ) ) ) ) | |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Columbia_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of the Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before _____October 29, 2018_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Deborah A. Robinson_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: OCT 15 2018  6:07 pm  _____/s/ Robinson_____
                                            *Judge's signature*

City and state: Washington, D.C.   Deborah A. Robinson, United States Magistrate Judge
                                   *Printed name and title*

# Return

| Case No.: | Date and time warrant executed: 10/23/18 @ 6:05AM | Copy of warrant and inventory left with: Corey Girman |
|---|---|---|

Inventory made in the presence of: Corey Girman

Inventory of the property taken and name of any person(s) seized:

See attached

**FILED**

OCT 30 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/24/18

_Jenny M. Cutalo-Patterson_
Executing officer's signature

Jenny Cutalo-Patterson / Special Agent
Printed name and title

## ATTACHMENT A

## DESCRIPTION OF PREMISES TO BE SEARCHED

The SUBJECT PREMISES is the entire premises located at 3415 Brown St., NW #A, Washington, DC 20010. It is a multistory, grey and white colored row house. The front door is dark brown and the numbers "3415" are affixed to the building to the left of the front door. The United States Postal Inspection Service (USPIS) provided information that #A is the upper levels of the residence.



1

# ATTACHMENT B – ITEMS TO BE SEIZED

1. The following items to be seized constitute contraband, fruits, instrumentalities, and evidence of crimes, to wit: violations of Title 18, United States Code, Section 2252 and 2252A relating to the distribution, receipt, accessing with intent to view, and possession of visual depictions of minors engaging in sexually explicit conduct and child pornography:

    a. Child pornography;

    b. Child erotica;

    c. Visual depictions of minors engaged in sexually explicit conduct;

    d. Information, correspondence, records, documents or other materials constituting evidence of or pertaining to items "a" through "c" above (namely child pornography, child erotica, and visual depictions of minors engaged in sexually explicit conduct), or constituting evidence of or pertaining to the production, possession, receipt, distribution, accessing with intent to view, or transmission through interstate or foreign commerce of items "a" and "c" above, or constituting evidence of or pertaining to an interest in child pornography or sexual activity with children, including:

        i. Correspondence or communications, such as electronic mail, chat logs, and electronic messages;

        ii. Internet usage records, user names, logins, passwords, e-mail addresses and identities assumed for the purposes of communication on the Internet, billing, accounts, and subscriber records, chat room logs, chat records, membership in online groups, clubs or services, connections to online or remote computer storage, and electronic files;

        iii. Diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the computer and internet websites;

        iv. Shared images, "friends lists," calendars, "thumbnails"; and

        v. Financial records, including credit card information.

    e. The items listed in "a" through "d" above may be seized in whatever form, visual

or aural, and by any means by which they may have been created, stored, or found, including:

i. Any computer, computer hardware (including input/output peripheral devices), computer software, router, computer-related documentation, related peripherals, and digital cameras, including:

* tapes, tape systems, and tape drives, cassettes, cartridges, streaming tapes, disks, disk drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks;

* hard drive and other computer related operation equipment;

* monitors, printers, modems, scanners;

* hardware and software manuals, passwords, data security devices;

* related documentation;

ii. Handmade form, including writings, drawings, paintings;

iii. Photographic form, including microfilm, microfiche, prints, slides, motion picture, films, videos and photocopies;

iv. Graphic Interchange formats and/or photographs, undeveloped photographic film, slides, and other visual depictions of such Graphic Interchange formats (including but not limited to JPG, GIF, TIF, AVI, MPG, and MPEG);

v. Mechanical form, including books, magazines, printing and typing;

vi. Electrical, electronic or magnetic form, including
* tape recordings, cassettes, compact disks, backup tapes;

* electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMS, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multimedia Cards (MMCs), memory sticks, flash memory devices, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, or electronic notebooks;

* digital data files;

* printouts or readouts from any magnetic, electrical or electronic

     storage device; and

    vii. Originals, photocopies, other copies and negatives.

2. Electronic storage media or digital devices used in the commission of, or to facilitate, the above described offenses, including distribution, receipt, and possession of child pornography in violation of 18 U.S.C. §§ 2252(a) and 2252A(a).

3. For any electronic storage media or digital device whose seizure is otherwise authorized by this warrant, and any electronic storage media or digital device that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

  a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

  b. evidence of software, or the lack thereof, that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

  c. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

  d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

 e. evidence of the times the COMPUTER was used;

 f. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

 g. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

 h. records of or information about Internet Protocol addresses used by the COMPUTER;

 i. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4. Routers, modems, and network equipment used to connect computers to the Internet.

5. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

6. The terms "electronic storage media" and "digital devices" include any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices,

beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.

FD-597 (Rev. 4-13-2015)   Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: 305I-WF-2225374

On (date) 10/23/18

item(s) listed below were:
[X] Collected/Seized
[ ] Received From
[ ] Returned To
[ ] Released To

(Name) _____
(Street Address) 3415 Brown St., NW #A
(City) WASHINGTON, DC

Description of Item(s): MacBook Pro, S/N: C02WF1T7HV2H
Black iPhone, model A1660
WD My Book, S/N: NCC4E6HFD3FU
Sandisk Cruzer 16GB, BL0108NXJB
Apple all in one computer
WD My Passport, S/N: WXM1EA46KVE
WD My Passport Ultra, S/N: WX21D176THUX
WD My Passport Ultra, S/N: WX41A85Y8706
Sandisk Ultra 3.0 256GB & Microcuit USB 3.0 16GB

NOTHING ELSE FOLLOWS

Received By: Jenny Cutalo-Patterson (Signature)   Received From: _____ (Signature)
Printed Name/Title: Jenny Cutalo-Patterson   Printed Name/Title: _____
Special Agent